Argued April 19, affirmed May 6, petition for rehearing denied ·
June 8, petition for review denied August 10, 1971

STATE OF OREGON, *Respondent, v.*
DONNIE RAY GARDNER, *Appellant.*
484 P2d 851

J. *Marvin Kuhn*, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J.

Defendant upon trial by jury was convicted of first degree murder.

On appeal he makes two assignments of error: (1) the court erred in denying defendant's request to inspect notes made by the members of the district attorney's office relating to conversations with two state's witnesses; (2) the court erred in denying defendant's motion for a new trial and in denying motion for issuance of subpoenas to compel certain witnesses to make affidavits in support of defendant's

motion for a new trial. Neither assignment of error has merit.

■ The notes were merely brief notes made by a deputy district attorney summarizing in his own words what the witnesses had told him.① *State v. Foster*, 242 Or 101, 407 P2d 901 (1965), adopts the Jencks Act, 18 USCA § 3500 (1957). In *Foster*, the court said:

> "It has been urged that the rule we approve is of recent origin and comes as an aftermath of *Jencks v. United States*, 1957, 353 US 657, 77 S Ct 1007, 1 L Ed2d 1103, and the subsequently enacted Jencks Act (18 USCA 3500, (1957)), and is, therefore, limited to practice in the Federal courts. In essence the Jencks Act only codifies the rule that has been of long standing in both federal and many state courts * * *." 242 Or at 104.

Section (e) of the Jencks Act (18 USCA § 3500) (Cum Supp 42-43, § 3500, 1971), defines the kind of document which must be turned over to the defense for the purposes of cross-examination of a witness, as follows:

> "(e) * * * * *
>
> "(1) A written statement made by said witness and signed or otherwise adopted or approved by him; or
>
> "(2) A stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement."

In *Palermo v. United States*, 360 US 343, 79 S Ct 1217, 3 L Ed 2d 1287 (1959), the court held that

---

① One of these witnesses made a written statement. This was turned over to the defense at trial.

the Jencks Act did not require production by the government of a memorandum of a conference made by a government agent when the memorandum was a 600-word summary of a three-and-one-half-hour conference, stating:

> "* * * It is clear that Congress was concerned that only those statements which could properly be called the witness' own words should be made available to the defense for the purposes of impeachment * * *." 360 US at 352.

To the same effect, see *United States v. Gosser*, 339 F2d 102 (6th Cir 1964), *cert denied* 382 US 819, 86 S Ct 44, 15 L Ed 2d 66 (1965).

Here, the defendant sought access to notes taken by a deputy district attorney during pretrial interview with state witnesses. He concedes that the ruling he seeks is not supported by the weight of decisions.

The defendant's second assignment of error is really two assignments of error stated as one. The first part of it says, "the court erred in denying defendant's motion for a new trial." His only argument relating to that portion of his second assignment of error is the same argument made under Assignment of Error No. 1, which we have disposed of above.

■■ The second part of Assignment of Error No. 2 is that the court erred "in denying defendant's motion for issuance of subpoenas to compel certain witnesses to make affidavits in support of defendant's motion for a new trial." His only point under that portion of Assignment of Error No. 2 is that due process requires the issuance of such subpoenas. It may well be that there are instances in which due process would so require. This is not such a case. Here, the motion

itself tells us that if by the use of the subpoenas he could produce the evidence he was seeking, the evidence so elicited, if true, would not be sufficient grounds for a new trial. The affidavit attached to the motion for a new trial states that by the use of the subpoenas he would be able to show that the state's witnesses had been offered an inducement to testify. Even if defendant's allegations of inducement were true, such evidence would only impeach the credibility of the state's witnesses. Newly-discovered evidence which is merely impeaching or contradicting of former evidence is not sufficient grounds for a new trial. *State v. Williams,* 2 Or App 367, 468 P2d 909 (1970).

Affirmed.